UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC MANLEY, Derivatively on Behalf of
LATCH, INC. F/K/A TS INNOVATION
ACQUISITIONS CORP.,

Plaintiff,

v.

LUKE SCHOENFELDER, GARTH
MITCHELL, BARRY SCHAEFFER, RAJU
RISHI, J. ALLEN SMITH, PETER
CAMPBELL, PATRICIA HAN, ROBERT
SPEYER, and ANDREW SUGRUE
Defendants,

-and-

LATCH, INC. F/K/A TS INNOVATION
ACQUISITIONS CORP.,

Nominal Defendant.

Case No. 1:23-cv-01273-JGK

JOINT STIPULATION AND [PROPOSED] ORDER
REGARDING STAY OF CASE PENDING RESOLUTION OF
MOTIONS TO DISMISS RELATED SECURITIES CLASS ACTION

WHEREAS on February 15, 2023, Plaintiff Eric Manley filed a shareholder derivative

action on behalf of nominal defendant Latch, Inc., formerly known as TS Innovation Acquisitions

Corp., ("Latch" or the "Company") (together, "the Parties") in this Court making claims for

breach of fiduciary duty against defendants Luke Schoenfelder, Garth Mitchell, Barry Schaeffer,

Raju Rishi, J. Allen Smith, Peter Campbell, Patricia Han, Robert Speyer, and Andrew Sugrue,

(collectively, the "Individual Defendants" and together with Latch, the "Defendants") and for

violations of Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") (the

"Derivative Action");

Case 1:23-cv-01273-JGK Document 13 Filed 04/14/23 Page 2 of 5

WHEREAS, the Derivative Action alleges claims that are substantially related to claims asserted in the following securities class action lawsuits: (1) *Brennan v. Latch, Inc. et. al.*, case number 1:22-cv-07473 (filed August 31, 2022) pending in the United States District Court for the Southern District of New York (the "Brennan Action"); and (2) *Schwartz v. Latch, Inc. et. al.*, case number 1:23-cv-00027-WCB (filed January 11, 2023) pending in the United States District Court for the District of Delaware (the "Schwartz Action") (together, the "Class Actions");

WHEREAS, Defendants intend to move to dismiss the claims in the Class Actions;

WHEREAS, motion to dismiss briefing schedules have not yet been set in the Class Actions;

WHEREAS, in the interests of judicial economy and conserving the resources of the Parties and the Court, the Parties to the Derivative Action agree that the Court should stay the Derivative Action, pending resolution of motions to dismiss both Class Actions;

WHEREAS, the Parties have agreed that during the pendency of the stay of the Derivative Action, Defendants shall not be required to file motions to dismiss, answer, or otherwise respond to any complaint or any amended complaint previously or subsequently filed in the Derivative Action;

WHEREAS, the Parties, by and through their counsel, have met and conferred and, for the convenience of the Parties and the Court, hereby enter into the following stipulation, subject to the Court's approval;

NOW, THEREFORE, IT IS THEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the Parties, that:

1. Counsel for the Latch Defendants hereby agrees to accept service of the Complaint on behalf of all Defendants without waiving any rights or defenses, except as to sufficiency of service.

2

2.    The Derivative Action (including all discovery) shall be stayed until twenty-one business days following the resolution of any and all motions to dismiss both of the Class Actions, including exhaustion of appeals, or any related securities class actions that may be filed.

3.    If the stipulated stay of proceedings is lifted, the Parties shall meet and confer and within ten business days and submit a proposed scheduling order governing any further proceedings in the Derivative Action, including the date by which Defendants must answer or otherwise plead.

4.    Defendants shall promptly notify Plaintiff within ten business days of any related derivative lawsuits of which they become aware.

5.    This stay shall not apply to any motions pertaining to consolidation of related shareholder derivative actions.

6.    Defendants shall notify Plaintiff if any other related derivative lawsuit ("Other Derivative Action") is not stayed for the same duration as the Derivative Action, within ten business days thereafter.

7.    Defendants shall promptly notify Plaintiff if any shareholder of Latch makes a demand on the Company pursuant to 8 Del. C. § 220 ("Section 220") to produce documents concerning the conduct alleged in the Derivative Action. Defendants shall promptly produce to Plaintiff any such documents concerning the conduct alleged in this Derivative Action, subject to a mutually agreed upon confidentiality agreement.

8.    The Parties agree that while this Derivative Action is stayed, in the event that a mediation is held in effort to settle the Class Actions, Defendants will provide Plaintiff with reasonable advance notice of the mediation.

9.    If the plaintiff in any Other Derivative Action not consolidated with the Derivative

Action is not stayed for the same or longer duration as the stay of the Derivative Action, Plaintiff may lift the agreed stay upon five business days written notice via email to the undersigned counsel of Defendants and Latch. In the event that Plaintiff lifts the stay pursuant to this paragraph, Defendants and Latch reserve the right to pursue a motion for a further stay of proceedings, which Plaintiff may oppose, but not on the grounds that the Derivative Action should be stayed in deference to the Other Derivative Action.

10. After the stay is lifted, Defendants shall not move to stay the Derivative Action in deference to any other derivative action.

11. Notwithstanding this stay of the Derivative Action, Plaintiff may file one consolidated amended complaint during the stay.

12. This Stipulation is without prejudice to any and all defenses Defendants may assert in the Derivative Action, including but not limited to any jurisdictional or venue challenges, and without prejudice to any and all claims Plaintiff may assert in the Derivative Action.

**IT IS SO STIPULATED.**

Dated:  April 14, 2023

Respectfully submitted[1],

/s/*Robert J. Shapiro*
Robert J. Shapiro
Jonathan S. Shapiro
The Shapiro Firm, LLP
270 Madison Avenue, Suite 1801
New York, NY 10016
Telephone: (212) 391-6464
Facsimile: (212) 719-1616
Email: rshapiro@theshapirofirm.com
Email: jshapiro@theshapirofirm.com


Michael J. Hynes
Ligaya T. Hernandez
Hynes & Hernandez, LLC
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (484) 875-3116
Facsimile: (914) 752-3041
Email: mhynes@hh-lawfirm.com
Email: lhernandez@hh-lawfirm.com

*Counsel for Plaintiff*

/s/*Adam Shamah*
Adam Shamah
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-4567
Facsimile: (917) 836-5205
Email: adam.shamah@lw.com

Michele D. Johnson
Kristin N. Murphy
LATHAM & WATKINS LLP
650 Town Center Dr., 20th Floor
Costa Mesa, CA 92626
Telephone:  (714) 540-1235
Facsimile: (715) 755-8290
Email: michele.johnson@lw.com
Email: kristin.murphy@lw.com

Colleen C. Smith
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone:  (858) 523-3985
Facsimile: (858) 523-540
Email: colleen.smith@lw.com


*Counsel for Defendants*


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____4/15_____, 2023

_____
THE HONORABLE  JOHN G. KOELTL

---

[1] Electronic signatures have been used with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.