**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LATCH INC. DERIVATIVE LITIGATION | Lead Case No. 1:23-cv-01273-JGK<br><br>**EXHIBIT B** |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Plaintiffs Eric Manley and Daniel Gottlieb (together, the "Plaintiffs") in the above-captioned consolidated stockholder derivative action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") have made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of stockholder derivative claims brought on behalf of Latch, Inc. ("Latch" or the "Company"), in accordance with the Stipulation and Agreement of Settlement dated July 16, 2026 (the "Stipulation"); (ii) approving the form and manner of the notice of the Settlement to Latch stockholders; and (iii) setting a date for the Settlement Hearing.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to, a proposed settlement and resolution of the Action with prejudice;

WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Derivative Settlement together with the accompanying Memorandum of Law in Support; and (ii) read and considered the Stipulation, as well as all the exhibits attached thereto;

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Latch and appears to be the product of serious, informed, non-collusive negotiations; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Current Latch Stockholders should be apprised of the Settlement through the proposed form and means of notice, which constitutes the best notice practicable under the circumstances and complies fully with the requirements of Fed. R. Civ. P. 23.1 and due process, and should be allowed an opportunity to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

2. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3. A hearing shall be held on October 6, 2026 at 3:30 p.m., before the Honorable John G. Koeltl, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, in Courtroom 14A (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the notice of the Settlement fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount and Service

Case 1:23-cv-01273-JGK Document 53-2 Filed 07/16/26 Page 3 of 6

Awards should be approved; and (v) such other matters as the Court may deem appropriate.

4. The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5. Within ten (10) business days after the entry of an order by the Court preliminarily approving the Settlement, Latch shall: (i) post a copy of the Notice and the Stipulation and exhibits thereto on the Investor Relations page of the Company's website; (ii) publish the Summary Notice in a press release in *GlobeNewswire*; and (iii) file with the SEC the Notice and Stipulation and exhibits thereto as exhibits to a Current Report filed on Form 8-K. The Notice shall provide a link to the Investor Relations page on Latch's website where the Notice and Stipulation and exhibits thereto may be viewed, which page will be maintained through the date of the Settlement Hearing. The Parties believe the form and manner of the notice procedures set forth in this paragraph constitute adequate and reasonable notice to Latch stockholders pursuant to applicable law and due process. Latch shall be solely responsible for paying the costs and expenses related to providing notice of the Settlement set forth in this paragraph or as otherwise required by the Court.

6. Within twenty (20) days after the entry of this Preliminary Approval Order, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, posting, and publication of the notice of the Settlement as provided for in paragraph 5 of this Preliminary Approval Order.

7. All Latch stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Latch

Case 1:23-cv-01273-JGK Document 55-2 Filed 07/16/26 Page 4 of 6

Stockholders.

8. Pending the Court's determination as to final approval of the Settlement, Plaintiffs and all other Current Latch Stockholders are barred and enjoined from commencing, prosecuting, instigating, continuing, or in any way participating in the commencement or prosecution of any action asserting any Plaintiffs' Released Claims against any of the Defendants' Released Persons.

9. Any Current Latch Stockholder may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Amount or Service Awards should not be awarded. However, no Current Latch Stockholder shall be heard or entitled to contest the approval of the Settlement, or, if approved, the Judgment to be entered thereon, unless that Latch stockholder has caused to be filed, and served on counsel as noted below: (i) a written notice of objection with the case name and number (*In re Latch Inc. Derivative Litigation*, Lead Case No. 1:23-cv-01273-JGK (S.D.N.Y.)); (ii) the Person's name, legal address, and telephone number; (iii) notice of whether such Person intends to appear at the Settlement Hearing and the reasons such Person desires to appear and be heard, and whether such Person is represented by counsel and if so, contact information for counsel; (iv) competent evidence that such Person held shares of Latch common stock as of the date of the Stipulation and continues to hold such stock as of the date the objection is made, including the date(s) such shares were acquired; (v) a statement of objections to any matters before the Court, the grounds therefor, as well as all documents or writings such Person desires the Court to consider; and (vi) the identities of any witnesses such Person plans on calling at the Settlement Hearing, along with a summary description of their expected testimony.

10. At least twenty-one (21) days prior to the Settlement Hearing, any such person must

file the written objection(s) and corresponding materials with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007 and serve such materials by that date, on each of the following Parties' counsel:

*Counsel for Plaintiffs:*

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
1350 Avenue of the Americas, Suite 1200
New York, NY 10019
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

**HYNES & HERNANDEZ, LLC**
Michael J. Hynes
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (484) 875-3116
Email: mhynes@hh-lawfirm.com

*Counsel for Defendants:*

**LATHAM & WATKINS LLP**
Kristin N. Murphy
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: (714) 540-1235
Email: kristin.murphy@lw.com

11. Only Current Latch Stockholders who have filed with the Court and sent to the Parties' counsel valid and timely written notices of objection and notices of appearance will be entitled to be heard at the hearing unless the Court orders otherwise.

12. Any Current Latch Stockholder who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and Service Awards unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

13. Plaintiffs shall file their motion for final approval of the Settlement at least twenty-eight (28) days prior to the Settlement Hearing. If there is any objection to the Settlement, Plaintiffs

shall file a response to the objection(s) at least seven (7) days prior to the Settlement Hearing.

14. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Preliminary Approval Order.

15. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Latch stockholders.

16. Neither the Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to the Stipulation, nor any action taken to carry out the Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the claims released herein or an admission by or against the Individual Defendants of any fault, wrongdoing, or concession of liability whatsoever.

17. The Court may, in its discretion, decide to change the date and/or time of the Settlement Hearing without further notice to Latch stockholders. Any Current Latch Stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar for any change to the date and/or time of the Settlement Hearing. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Latch stockholders. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED: July 17, 2026

HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE