**COURTESY COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LATCH INC. DERIVATIVE LITIGATION | Lead Case No. 1:23-cv-01273-JGK |

**~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT**

This matter came before the Court for hearing on October 6, 2026, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated July 16, 2026 (the "Stipulation"). The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore, the Court enters this Order and Final Judgment (the "Judgment").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3. The Court finds that the notice of the Settlement was published and disseminated in accordance with this Court's Preliminary Approval Order. This Court further finds that the form and contents of the Notice and Summary Notice, as previously preliminarily approved by the Court, and the means of dissemination of the notice of the Settlement fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

4. The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Parties, and further finds that the Settlement is in the best interests of Latch and its stockholders.

5. The Action and all claims contained therein, as well as all of the Released Claims against Released Persons, are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided below.

6. Upon the Effective Date, Plaintiffs and all other Current Latch Stockholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged their right to assert derivatively on behalf of the Company any and all of the Plaintiffs' Released Claims (including Unknown Claims) against the Defendants' Released Persons, and shall forever be barred and enjoined from instituting, commencing, or prosecuting derivatively on behalf of the Company any and all of the Plaintiffs' Released Claims against the Defendants' Released Persons. In addition, upon that date, Latch shall be deemed to have, and by operation of the law and of the Judgment shall have, fully, finally, and forever released, relinquished and discharged its right to assert directly any and all of the Plaintiffs' Released Claims against the Defendants' Released Persons, and shall forever be barred and enjoined from instituting, commencing, or prosecuting directly any and all of the Plaintiffs' Released Claims against the Defendants' Released Persons except to enforce the releases and other terms and conditions contained in the Settlement and/or the Judgment.

7. Upon the Effective Date, Defendants shall be deemed to have, and by operation of the law and of the Judgment shall have, fully, finally and forever released, relinquished and discharged any and all of the Defendants' Released Claims against the Plaintiffs' Released Persons, and shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all of the Defendants' Released Claims against the Plaintiffs' Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation and/or the Judgment.

8. During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and all other similar laws or statutes.

9. The Court hereby approves the sum of $450,000 for the payment of Plaintiffs' Counsel's attorneys' fees and expenses in the Action (the "Fee and Expense Amount") and finds that the Fee and Expense Amount is fair and reasonable. No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

10. The Court hereby approves the service awards of $2,000 for each of the two Plaintiffs to be paid from Plaintiffs' Counsel's Fee and Expense Amount in recognition of Plaintiffs' participation and effort in the prosecution of the Action.

11. Neither the Stipulation, nor any of its terms or provisions, nor entry of this Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, may be construed as, or may be used as evidence of the validity of any of the claims released herein or an admission by or against the Individual Defendants of any fault, wrongdoing, or concession of liability whatsoever.

12. Defendants may file the Stipulation and/or the Judgment in any action that has or may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

14. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Stipulation and Settlement in all respects and orders the Parties to perform its terms to the extent the Parties have not already done so.

15. This Judgment is a final judgment, and the Court finds that no just reason exists for delay in entering the Judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: 10/6/26.

John G. Koeltl

HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE